1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                      )
RANDY ALLEN JONES,                      )
                                                      )        No. C11-1951RSL
                            Plaintiff,              )
                                                      )
          v.                                          )
                                                      )        ORDER GRANTING IN PART
BP WEST COAST PRODUCTS, LLC,   )        MOTION FOR CONTINUANCE
                                                      )
                            Defendant.          )
_____)

This matter comes before the Court on "Plaintiff's Motion to Continue Trial and Order Defense to Pay Travel Expenses for Agreed Defense Examinations" (Dkt. # 22) and defendant's "Cross-Motion for Award of IME Cancellation Fee" (Dkt. # 24).

**A. Motion to Continue**

In February 2013, the parties agreed to perpetuate the testimony of plaintiff's treating physicians on April 11th and 12th. These depositions were scheduled to occur after the Court-ordered discovery deadline and only three weeks before the start of trial. In mid-March, defense counsel announced that he could not make the agreed-upon dates, and the parties have been unable to reschedule the depositions prior to trial. Plaintiff has apparently conceded that perpetuating the testimony of one of his treating physicians is not necessary, but has shown that his other treating psychiatrist will be unavailable at trial.

Whatever the merits of defendant's unilateral decision to cancel the previously-scheduled deposition, it cannot thereby preclude plaintiff from presenting relevant and

ORDER GRANTING IN PART
MOTION FOR CONTINUANCE

potentially key testimony at trial.  A continuance of the trial date is therefore appropriate.
Plaintiff offers no justification for a two month delay, however:  neither the parties' nor the
witness' availability for deposition are stated.  A one month extension of the trial date should be
adequate to complete this limited task.

### B.  Cross-Motions for Fees and Costs

Defendant agreed to pay plaintiff $0.55 per mile for travel to and from two
independent medical examinations scheduled by defendant.  That agreement will be enforced.
Defendant shall pay plaintiff $455.02 in travel expenses.

There is no indication that plaintiff agreed to pay any part of the expenses related
to the medical examinations.  Nor has defendant identified a rule or statute that would foist its
contractual undertaking onto plaintiff.  Pursuant to Fed. R. Civ. P. 37(d), a party's failure to
appear at his deposition (an analogous, but not identical, situation as the one presented here) will
not result in an award of fees or expenses if "the failure was substantially justified or other
circumstances make an award of expenses unjust."  Defendant does not address plaintiff's
explanation for why he did not appear at the first examination on February 7, 2013, simply
asserting that plaintiff should be compelled to pay the $695.00 cancellation fee rather than
defendant.  The fact that plaintiff's car would not start the morning of the examination leaving
him unable to get from Richland to Seattle substantially justified his failure to appear.  No
expenses will be awarded.

For all of the foregoing reasons, plaintiff's motion for a continuance of the trial
date is GRANTED in part.  The Clerk of Court is directed to issue an amended case management
order setting a trial date of June 3, 2013.  Plaintiff's request for travel expenses is GRANTED.
Defendant's request for an award of expenses is DENIED.

1

Dated this 23rd day of April, 2013.

2

3
Robert S. Lasnik
United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING IN PART
MOTION FOR CONTINUANCE                    -3-